UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. SHUFF,

                Plaintiff,

     v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 13-cv-06081 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 14, 17, 18).

After considering and reviewing the record, the Court concludes that the ALJ in this matter failed to evaluate some of the medical evidence properly. Although the ALJ

relied heavily on plaintiff's ability to work at substantial gainful levels during some of the period of time when he alleged disability, this fact does not negate the possibility that plaintiff was disabled for a limited period of time during his alleged period of disability.

Plaintiff underwent two back surgeries during this time -- in 2003 and 2004. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform sedentary work with some additional limitations from his alleged date of disability onset, September 22, 2001, through his date last insured, found by the ALJ to be September 30, 2008 (*see* Tr. 15, 17-19). However, the record strongly suggests that plaintiff's RFC varied greatly throughout this period of time. Although plaintiff requests that this Court credit as true the improperly rejected opinions, the record as a whole indicates that plaintiff might not have been disabled during the entire period of alleged disability, and, he might not have suffered such limitations for a sufficient duration (twelve consecutive months) to qualify as disabled pursuant to the Social Security Act.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff, MICHAEL J. SHUFF, was born in 1960 and was 41 years old on the alleged date of disability onset of September 22, 2001 (*see* Tr. 128-29). Plaintiff completed grades one through twelve in addition to vocational training (*see* Tr. 640). Plaintiff has work experience as a chef and a meat cutter (Tr. 141-51). Plaintiff last worked in a meat market in the corner of the small grocery store but quit when it was ready to be sold (Tr. 44-46).

Plaintiff suffered an on-the-job injury in February 2001, and his treatment included two spinal surgeries in November, 2003 and November, 2004 (*see* Tr. 274-75, 277-84, 417-19, 640).

Through the date last insured, according to the ALJ, plaintiff had at least the severe impairments of "degenerative disc disease of the lumbar spine and depression (20 CFR 404.1520(c))" (Tr. 16).

At the time of the hearing, plaintiff was living with his wife (Tr. 30).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 66-69, 73-77). Plaintiff's requested hearing was held before Administrative Law Judge Glenn G. Meyers ("the ALJ") on February 27, 2012 (*see* Tr. 27-63). On March 22, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 10-26).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* ECF No. 14, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly evaluated the medical evidence**.

Plaintiff contends that the ALJ failed to evaluate properly the medical evidence (*see* Opening Brief, ECF No. 14; *see also* Reply, ECF No. 18). Defendant contends that the ALJ's decision is supported by substantial evidence (*see* Response, ECF No. 17).

Orthopedic surgeon Dr. Scott Van Lindner, M.D. and neurologist Dr. John Wendt, M.D. performed an independent medical examination of plaintiff on September 16, 2003 (*see* Tr. 325-33). In their report, they summarize plaintiff's on-the-job injury to his back while unloading freight and lifting bales of ice (*see* Tr. 326). They reviewed MRI results conducted in March 24, 2001, "said to show multilevel degenerative disc disease of moderate severity with multilevel mild disc bulging [and] an annular tear suspected at L4–5;" as well as updated MRI results in October 29, 2002, "said to show an L4–5 protrusion into the left-sided foramina affecting the L4 root on the left" (*see* Tr. 326-27). The doctors noted that the subsequent October, 2002 MRI was interpreted to represent a worsening of the condition, as "the earlier MRI scan did not show any protrusion at the L4–5 level, only an annular tear" (*see* Tr. 327). They also reviewed "yet another updated

MRI scan basically concluding with degenerative disc disease with that of the neural foraminal disc protrusion at L4–5 affecting the L4 nerve root" (*see id.*). The doctors noted the recommended surgical consultation, as well as the surgery recommended by a physician's assistant and by Dr. Christopher Kain, M.D. (*see* Tr. 327-28).

Orthopedic surgeon Dr. Linder and neurologist Dr. Wendt performed their own examination of plaintiff (*see* Tr. 329-30). They noted that plaintiff walked with a slight left antalgic limp, present when tiptoeing and heel walking (*see* Tr. 329). They also observed that testing of plaintiff's range of motion was "associated with lower lumbar spasm" (*see id.*). The doctors observed: "sensory examination is somewhat diminished to touch and pin sensation, mainly over the lateral aspect of the left foot to touch and pin, slightly over the lateral lower anterolateral aspect of the left leg, perhaps some to touch over the anteromedial aspect of the left leg but preserved to pain, intact above the knee, and intact on the right side" (*see* Tr. 330).

Drs. Lindner and Wendt reviewed diagnostic imaging studies and opined as follows:

> Multiple MRI scans are provided focusing on the June 6, 2003, scan, and upon my own direct review, I agree with the previous interpretation that is described in the records above; specifically, a protrusion at the L4–5 level entering into the left foramen with apparent compression of the L5 nerve root.

(Tr. 330).

The doctors diagnosed herniated L4-5 disc, which they believed was related to his industrial injury (*see id.*). They also indicated that "objective findings include a limp,

significant atrophy of the left thigh and calf with positive straight leg raising on the left, and the lack of full seated straight leg raising, which correlates" (*see* Tr. 331).

Drs. Lindner and Wendt indicated that they considered plaintiff "presently to be at a disabled status for the various findings and symptoms described above . . . . [and opined that] since [two years prior] there ha[d] been a considerable deterioration in his condition, which is documented by various medical records including a progression of the findings of the MRI scan" (*see* Tr. 332). They recommended "proceeding with the recommended surgery and [they believed that] the history and objective findings as well as various findings on testing all correlate[d] fairly well" (*see* Tr. 333).

The ALJ gave "little weight" to the opinions of Drs. Lindner and Wendt (*see* Tr. 24). He noted that Drs. Van Linder and Wendt opined that plaintiff was disabled at the time of their independent medical examination of plaintiff on September 16, 2003 (*see* Tr. 325-33). The ALJ noted that these opinions were not consistent with some of the opinions provided by some of the other doctors at different periods of time (*see id.*). However, this finding merely establishes that specific and legitimate reasons must be provided in order to reject such opinions, as according to the Ninth Circuit, even when a treating or examining physician's opinion is contradicted, that opinion can only be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The only other reason provided by the ALJ was his finding that their overall conclusion regarding plaintiff being disabled "is inconsistent with the claimant's statement that he can walk 1 mile, sit for half hour, and lift 35 pounds and the examination findings" (*see* Tr. 24 (*citing* Tr. 328, 330)). The ALJ does not specify any examination findings that are inconsistent with the conclusion of these doctors that plaintiff was disabled at this time (*see id.*). Therefore this is not a specific and legitimate reason. *See Lester*, *supra*, 81 F.3d at 830-31. Furthermore, plaintiff's statement regarding being able to walk for one mile, sit for a half-hour and lift 35 pounds is not necessarily inconsistent with the opinions of Drs. Lindner and Wendt regarding plaintiff's disability. The Court notes that the ALJ did not limit plaintiff to sitting for one half hour in his RFC, but instead found plaintiff to be capable of sedentary work with some additional limitations (*see* Tr. 18-19). The Court also notes that shortly after this independent medical examination by Drs. Van Linder and Wendt, plaintiff underwent back surgery (*see* Tr. 274-75).

The operative report from his November 03, 2003 surgery indicates as follows:

> A partial laminectomy at L4 and L5 was done. Ligamentum flavum was removed and dissection was taken back to pedicle. **The L5 nerve root was moved and was noted to be extremely irritable. L4 – L5 foramen was noted to be quite occluded**.
>
> A discectomy at this point was performed . . . . A goodly amount of disc material was removed.

(Tr. 274 (emphasis added)). The surgery report provides objective medical evidence supporting the opinions of Drs. Lindner and Wendt (*see id.*).

For the reasons stated, and based on a review of the record as a whole, the Court concludes that the ALJ did not provide specific and legitimate reasons for his failure to credit fully the opinions of Drs. Lindner and Wendt. Although the record appears to demonstrate that plaintiff's condition varied over time and may have improved sufficiently for him to work at substantial gainful levels from April 2006 to July 2006, as well as from October 2006 to February 2007, the record also appears to reveal some periods of time during which plaintiff may have been disabled pursuant to the Social Security Act (*see* Tr. 16, 141, 154, 274, 325-33).

(2) **Whether or not the ALJ properly evaluated plaintiff's testimony, lay opinions and lay testimony**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility, as well as the lay witness testimony, should be assessed anew following remand of this matter. Similarly, the ALJ failed to discuss the lay opinion from Nurse Practitioner Kenneth Brown, committing legal error, and this evidence should be evaluated in the first instance by the ALJ.

//
//
//
//

(3) **Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations**.

Because this matter must be reversed and remanded for further consideration of the medical evidence, plaintiff's RFC and the step five findings also must be determined anew following remand of this matter.

(4) **Whether this matter should be reversed and remanded for further consideration or reversed with a direction to award benefits**.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292). Here, outstanding issues must be resolved, as the record appears to suggest that plaintiff's condition varied greatly over time and it is not clear that plaintiff was disabled for the entire duration of alleged disability, or even for a period of time of sufficient duration to

qualify as disabled pursuant to the Social Security Act. *See Smolen, supra*, 80 F.3d at 1292. These issues must be determined more specifically by the ALJ.

## CONCLUSION

The ALJ failed to evaluate properly all of the medical evidence and appears not to have considered fully the possibility that plaintiff may have been disabled for a discrete period of time during his alleged period of disability. The ALJ also committed legal error by failing to discuss lay opinion evidence.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 17th day of September, 2014.

J. Richard Creatura
United States Magistrate Judge